**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **CRIMINAL NO. W-04-CR-128(1)** |
| **MARIA GUADALUPE FONCECA,** | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## ORDER

Before the Court is Movant Maria Fonceca's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (ECF No. 154), the Government's Response (ECF No. 160), and Fonceca's Reply (ECF No. 163). After consideration of these pleadings and the applicable legal authority, the Motion is **DENIED.**

## I. Background

On June 8, 2004, Fonceca was indicted for conspiracy to possess with intent to distribute in excess of 500 grams of methamphetamine, a schedule II controlled substance (Count One) and conspiracy to commit money laundering (Count Two). ECF No. 152. A jury convicted Fonceca of both offenses on June 24, 2005. ECF No. 86. On September 2, 2005, Fonceca was sentenced on Count One to 294 months' imprisonment followed by 10 years of supervised release. ECF No. 98. On Count Two, Fonceca was sentenced to 240 months followed by 3 years of supervised release. *Id.* The imprisonment and the supervised release on both counts are to be served concurrently. *Id.* The judgment and sentence of the Court was affirmed on March 19, 2007 by the United States Court of Appeals for the Fifth Circuit. ECF No. 118.

On March 15, 2015, Fonceca filed a Motion of Reduce Sentence under USSC Amendment 782. ECF No. 142. District Judge Walter Smith denied a reduction under Amendment 782, as

Fonceca's amended sentencing guideline range was the same as her original guideline range, and therefore she was not entitled a sentence reduction. ECF No. 143.

On May 22, 2020, Fonceca, through counsel, made a request to the Warden of her facility for compassionate release. ECF No. 154, Exhibit C. The request was denied on June 4, 2020. *Id.* at Exhibit D. On July 23, 2020, Fonceca, through counsel, filed the Motion to reduce her sentence pursuant to the First Step Act. The Government filed a response to the Motion and Fonceca filed a reply. The Motion is now ripe for the Court. Fonceca has served about 245 months of her sentence, with a scheduled release date of May 25, 2025. ECF No. 160.

This conspiracy Fonceca was convicted of stretched between southern California and Texas, involving numerous conspirators, copious amounts of methamphetamine, and many financial transactions. ECF No. 160 at 1. Movant and her brother, who lived in southern California, were suppliers of large quantities of methamphetamine to distributors in the Dallas area. *Id.* Defendant normally supplied ten pounds of methamphetamine at a time and did so on at least fourteen different occasions. *Id.* at 2. She directed others to transport the methamphetamine and collect drug proceeds on her behalf and directed others to sell product, which belonged to her, in Texas. *Id.* Fonceca was responsible for the distribution of 140 pounds of methamphetamine and the laundering of $700,000 in drug proceeds. *Id.*

This drug-trafficking offense was not her first. Fonceca was convicted of two felony drug offenses in California in 1993 and was sentenced to four years' imprisonment. ECF No. 160 at 2. Because she had previously been convicted of a felony drug offense, her mandatory minimum sentence was enhanced from 10 to 20 years' imprisonment. *Id.* At the time of the arrest leading to her current sentence, she was a fugitive from removal proceedings, having made bond and failed

to appear at her hearing. *Id.* She was also wanted on a felony drug offense from Orange County, California. *Id.*

In addition, Fonceca has been convicted of another federal drug-conspiracy charge in the Central District of California for which she received 168 months to run concurrently with her sentence in this case. ECF No. 160 at Exhibit 1.

## II. BOP Response to COVID-19

In response to the COVID-19 pandemic, the BOP modified its operations plan to protect the health of inmates at BOP facilities. ECF No. 160. Under this plan, BOP is limiting inmate movement to maximize social distancing; screening inmates involved in certain essential group activities; isolating and testing symptomatic inmates potentially exposed to the virus; and quarantining asymptomatic inmates potentially exposed. *Id.* BOP is also testing new inmates and limiting movement between facilities (with exceptions for needed medical treatment, legal proceedings, and reducing overcrowding). *Id.* BOP has suspended official staff travel and training (except for relocation travel and training for new staff) and has limited contractors to those providing essential services. *Id.* Screening for staff and contractors entering BOP facilities includes temperature checks and self-reporting. *Id.*

BOP is also designating prisoners who pose the least threat to the community to serve their terms of imprisonment in home confinement. ECF No. 160. Home confinement is not a sentence reduction; instead, BOP designates an inmate's residence as the place he or she will serve a term of imprisonment. *Id., see* 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541. Under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), BOP may now "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement." CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 516 (2020). The

Attorney General has directed that BOP prioritize and maximize transfers to home confinement of inmates vulnerable to COVID-19 in appropriate circumstances. ECF No. 160. BOP is devoting all available resources to carrying out that directive. *Id.* As of this Order, BOP has transferred 7,622 inmates to home confinement. *Id.* However, BOP reports that the agency has decided not to place Defendant in home confinement because she is a citizen of Mexico and will be removed upon her release from prison. *Id.*

### III.  Legal Standard

In 2018, Congress enacted the First Step Act ("FSA"). The FSA contains a compassionate release statute that grants sentencing courts authority to reduce an otherwise final term of imprisonment for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides:

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), **after considering the factors set forth in section 3553(a) to the extent that they are applicable**, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; . . .

*****

and that such a reduction **is consistent with applicable policy statements issued by the Sentencing Commission**.

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

The applicable policy statement, Section 1B1.13 of the Sentencing Guidelines, in turn requires that "the defendant is not a danger to the safety of any other person or to the community,

as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13(2). Section 3142(g) directs a court to consider factors such as the nature and circumstances of the defendant's offense and the defendant's history and characteristics. 18 U.S.C. § 3142(g).

The Sentencing Commission has issued a policy statement addressing the reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13.2.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." USSG § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

(I)     suffering from a serious physical or medical condition,

(II)    suffering from a serious functional or cognitive impairment, or

(III)   experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. USSG § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes that the BOP has the discretion to identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(D).

## IV.  Discussion

When asking for a sentence reduction under the compassionate release section of the First Step Act, the movant must establish that both 1) there is "extraordinary and compelling reason;" and 2) that a reduction is warranted in light of the danger that she would pose to the community and the relevant § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A). In its response to Fonceca's Motion, the Government argues that Fonceca is not eligible for sentence reduction under the First Step Act for two reasons. ECF No. 160 at 1. First, the Government claims that Fonceca has failed to show she is not a danger to another person or the community. *Id.* Second, the Government argues that Fonceca has failed to show that the statutory sentencing factors in 18 U.S.C. § 3553(a) would support a sentence reduction. *Id.* In the alternative, the Government asks the court to impose a quarantine period before release. *Id.* at 10. As explained below, the Court denies Fonceca's request to reduce her 294-month incarceration.

### A.  Fonceca has failed to establish she is not a danger to others or the community.

For this Court to determine that it should grant a sentence reduction, it must determine that the defendant "is not a danger to the safety of any other person or the community." USSG § 1B1.13(2). Danger to the community exists even in the absence of physical acts of violence. Drug dealing, in the context of 3142(g), is a danger to the community. *United States v. Perry*, 788 F2d 100, 113 (3d Cir. 1986); *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985).

As discussed above, Fonceca was convicted of trafficking 140 pounds of methamphetamine. The drug trafficking operation stretched from California to Texas and spanned several months. Fonceca supplied ten pounds of methamphetamine to others on at least 14 different occasions and instructed them to transport and sell the product in Texas. Additionally, this was not

Fonceca's first drug related offense. In 1993, Fonceca was convicted of two felony drug offenses in 1993 and served a four-year sentence.

The Defendant argues that she only began selling drugs the first "out of desperation and to help others." ECF No. 163 at 4. Yet the Defendant reoffended just a few years later. *Id.* This does not reassure the Court that Fonceca will not be a danger to the community if she is released. In light of Fonceca's repeated drug offenses and the size of the drug trafficking operation she participated in, the Court finds that Fonceca remains a threat to others and the community.

**B. Fonceca has failed to show that the 18 U.S.C. § 3553(a) factors support a sentence reduction.**

This Court must also consider whether the sentencing factors in 18 U.S.C. § 3553(a) warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13; *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; to provide the defendant with needed educational or vocational training, or medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a).

Several of these factors overlap with the previous discussion about whether the Defendant poses a danger to others or the community, which the Court has already decided. Fonceca has repeat drug offenses and was responsible for the trafficking of at least 140 pounds of methamphetamine. For these reasons Fonceca is still a threat to others and the community.

As for the other factors, they do not warrant a reduction in Fonceca's sentence. Fonceca is currently receiving medical care of her aliments and has not established a release plan that would

provide superior medical care than what she is currently receiving. Additionally, Fonceca's mandatory minimum sentence is 20 years imprisonment. If she were to be released now, she would serve less than the minimum required by statute. Finally, if the Defendant were to be released and not serve her minimum sentence, that would create a disparity against  similarly situated defendants.

In conclusion, Fonceca has failed to show that the sentencing factors in § 3553(a) support the reduced sentence she seeks.

### IV. Conclusion

Having considered 18 U.S.C. § 3582(c)(1)(A)(i), USSG § 1B1.13(2), and 18 U.S.C. § 3553(a), the Court finds that a sentence reduction is not appropriate in Fonceca's case. Accordingly, it is hereby **ORDERED** as follows:

1) Defendant Maria Fonceca's Motion to Reduce Sentence is **DENIED**; and

2) Any pro se motion(s) that the Defendant filed under the First Step Act prior to the date of this Order is/are dismissed as moot in light of the relief granted in this Order.

**SIGNED** this 1st day of June, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE